Amos Sandford, Appellant,

*against*

Samuel Rose and another, Appellees.

</div>

An action for fraud in the sale of land may be supported by *parol* testimony, and it is not necessary that the fraud should be apparent on the deed.

ACTION for fraud in the sale of land.
Case made for the opinion of the Court.

The case stated a colloquium between the plaintiff and the defendants respecting the purchase of a farm. The defendants owned a farm, and proposed to sell it to the plaintiff, asserting that it contained one hundred and fifty acres. They then showed him boundaries, which contained that quantity, and the plaintiff paid them a certain sum per acre. In describing the lands in the deed, which contained covenants of seisin and warranty, they described boundaries which only included one hundred acres, and concluded the de-

scription with " *be the same more or less.*" The question submitted is, whether the plaintiff can show the colloquium and the deceit in pointing out the wrong boundaries by *parol* testimony in an action for fraud in the sale of the land, or whether he should not rely for redress on action upon the covenants of the deed, or by application for relief in Chancery.

The defendant's counsel read the 4th section of an act regulating the conveyances of real estate, and for preventing frauds therein, " That no action shall be maintained upon *any agreement* hereafter to be made for the sale of lands, tenements, or hereditaments, or any interest therein, or concerning them, unless the agreement upon which such action shall be brought, *or some memorandum thereof be in writing*, and signed by the parties to be charged therewith, or signed by some other person thereunto legally authorized, by writing ;" and insisted, that the plaintiff was estopped by the statute from adducing any evidence not reduced to writing, and signed by the parties or their agents. That whatever was said or done by either party in maturing the contract, yet the deed showed the contract as eventually adjusted and concluded upon by the parties to it. That the plaintiff must now rely on its covenants. That if he has been injured in a mode not embraced by the covenants, he must apply for relief in Chancery, and not by action at common law.

*Langdon*, for the plaintiff, observed, That the statute read is in substance founded on the *English* statute of frauds, passed 29th of *Charles* II. chap. 3. That in the *English* Courts, actions for fraud in the

*Sandford v. Rose.*

*Vermont* Stat. p. 189.

Sandford
v.
Rose.

sale of lands have been supported by parol testimony, and the whole current of decisions favour it since the passing that act. That in matters of fraud the Courts of Law have a concurrent jurisdiction with the Court of Chancery. Lord *Mansfield*, in the case of *Bright, Executor of Hannah Crisp, Widow*, v. *Eynon*, says, that FRAUD OR COVIN may, in judgment of the law, avoid every kind of act. " What circumstances and facts amount to such fraud or covin," is always a question of law. Courts of Equity and Courts of Law have a concurrent jurisdiction to suppress and relieve against fraud. But the interposition of the former is often necessary for the better investigating truth, and to give more complete redress. 1 *Burr. Rep.* 395, 396. Here the doctrine extends to even setting aside the deed in the Law Courts.

By a sound construction of our own statute, independent of the *English* decisions, it is apparent, that the Legislature did not intend to estop the party injured by a fraud in the sale of lands from maintaining his action, unless the fraud was evident on the face of the written instrument. The words are, That no action shall be maintained on any agreement, &c. Here the action is not brought upon the agreement, but for a fraud, by which the plaintiff has been induced to pay his money for fifty acres of land, to which no title has passed by the agreement or deed.

*Curia.* (JACOB, Assistant Judge, *absente.*) The Court are of opinion, that the evidence may be well admitted. The construction of the statute " regulating the conveyances of real estate, and for the prevention of frauds therein," contended for by the de-

fendant's counsel, cannot be correct; ~~for~~ it would go to convert a beneficial statute, made expressly for the prevention of fraud, into an engine of fraud.

The evidence will be admitted.

<div style="text-align: right">Sandford<br>v.<br>Rose.</div>

The cause was continued for trial, and afterwards, on the decease of *Rose*, was accommodated.

*Chauncey Langdon* and *Darius Chipman*, for plaintiff.