## Nichols *v.* Taylor.

THIS case depended upon the same principles as the last; and the plaintiff, upon the decision of that, imme-diately suffered a non-suit.

## Bostwick *v.* Lewis.

In the Court below,

EDMUND LEWIS, *Plaintiff;* BENJAMIN BOSTWICK, AUSTIN NICHOLS, EBENEZER SMITH, and DANIEL SMITH, *Defendants.*

An action for fraud in the sale of lands, will lie against the grantor *and others*, not-withstanding the covenants of seizin in the deed.

For what mis-representa-tions as to the quality of land, an action will lie.

THIS was an action on the case. The declaration was, in substance, as follows:

In January, 1796, the defendants affirmed to the plain-tiff, that *Austin Nichols* was the owner and proprietor in fee, of a tract of land in Virginia, containing 45,000 acres; and well knowing that he was not the owner, and that said land was of no value, but mountainous and rocky, and unfit for cultivation, they conspired together, to induce the plaintiff to buy a part of said tract, at 25 cts. per acre; and intending to cheat and defraud the plaintiff, and to share among themselves the profits, did, to effect said purpose, *severally*, and *respectively*, affirm and represent to the plaintiff, that said *Nichols* was the owner of said tract, and that the same was of an *excellent quality*, and well adapted to agricultural pur-poses. And in pursuance of an agreement and conspi-racy entered into by the defendants, and to induce the plaintiff to purchase, *Ebenezer Smith* and *Daniel Smith* did falsely affirm to the plaintiff, that they had had

great opportunities to be acquainted with the title and quality of said land, and that it was of an excellent quality, worth more than 25 cts. per acre, and could not be purchased for less, and that said *Nichols'* title was good and valid.

And said *Bostwick*, in pursuance of an agreement, combination, and conspiracy, made by the defendants, pretended, and ostensibly agreed, to become a purchaser of one fourth part of said tract, at 25 cts. per acre ; and proposed to the plaintiff to join with him in a purchase of said tract, at said price ; and represented, that it was of an excellent quality, and that said *Nichols'* title was good and valid, that he had exerted himself to find out every thing respecting it, that it was well worth, and could not be purchased for less than, 25 cts. per acre, and unless purchased immediately, the opportunity would be lost.—And said *Bostwick* presented to the plaintiff a *pretended map* of said land, and falsely and fraudulently affirmed, that said map contained a true description thereof ; and by said map, said land was not mountainous or broken, but *good* intervale land, well adapted to agricultural purposes. And the plaintiff, relying upon the affirmations and representations, made as aforesaid, did on the 12th of February, 1796, purchase of said *Nichols*, the one fourth part of said tract of land, and paid therefore the sum of $ 2812 25, which sum the defendants divided between themselves. And said *Nichols*, in pursuance of said agreement and combination, did give to the plaintiff, and said *Bostwick*, and two others, a *deed of said tract of land*. And said *Nichols* had no title to the land, at the time of executing said deed ; and said *Bostwick* never was a purchaser of any part of said land, but ostensibly, and to decoy the plaintiff, and in pursuance of said combination ; nor did

he ever pay any thing for said land, but said *Nichols*, as soon as said deed was executed, discharged said *Bostwick* from the payment of any thing on account of said land.

And the plaintiff, in consequence of said conspiracy, has lost all the money, which he paid said *Nichols*, and is injured, &c.

Before the Superior Court, *Nichols* was defaulted; and the other defendants pleaded, severally, *not guilty*. On the trial, the plaintiff exhibited in evidence a deed of the described land, to him and others, from said *Nichols*, with the usual covenants of seizin and warranty, which deed it was admitted by the parties, was duly executed and delivered, by said *Nichols*, attested by two witnesses, and acknowledged before two justices, in this State. The plaintiff then offered in evidence certain patents, in favor of *Jacob Pate*, and others, to prove, that, at the time of the execution and delivery of said deed, about 9000 acres of the land pretended to be conveyed had been taken up, surveyed, and granted, by the Commonwealth of Virginia, to *Jacob Pate*, and others, and, that the title to said 9000 acres was not in said *Nichols*, but in said *Pate* and others; and that said *Nichols* had then no right to sell the same. The plaintiff also offered to prove, by other testimony, that the residue of the land not patented, was of no value. The defendants objected to any proof of a defect of title; because the plaintiff had his remedy, by a suit upon the covenants in the deed. The Court admitted said patent to be read in evidence, on the ground, that, by such testimony, the plaintiff might evince, that the land attempted to be conveyed by said deed, exclusive of the 9000 acres, was of no value.

A verdict was found, and judgment rendered, against two of the defendants, who brought a writ of error to this Court, and assigned for cause of error, that the Superior Court admitted the testimony objected to.

The cause was argued by *Ingersoll*, and *Smith*, (of Woodbury) for the plaintiff in error; and by *Edwards*, (of New-Haven) and *Daggett*, for the defendant.

The Counsel for plaintiff in error contended, that the evidence of the patents ought not to have been admitted. When the deed was produced, it appeared, that *Lewis* had a remedy upon that. All parol contracts, or affirmations, must have been swallowed up in the covenants. The party can obtain no more damages, in an action on the case, than in an action on the covenants; and in neither case, is it necessary to shew, that the defendant knew he had no title. The ground, on which actions for fraud have been sustained, is, that a title has been given, but it was worth nothing. But in this case, the moment a deed was exhibited from *Nichols*, with covenants of seizin and warranty, before *Lewis* could proceed, except upon the deed, he must shew *Nichols* to be a bankrupt. There is no authority to show, that such action was ever sustained in Great Britain.

But, in this case, there are other persons, not parties to the deed. This action will *not* lie against them and *Nichols*; for there is another remedy against *Nichols*; and, consequently, no evidence can be produced to show, that the other defendants combined with *Nichols*.

It may be said, the deed is not a valid one; but between the grantor and grantee it is good, by the laws of Virginia. Besides, it is too late for *Lewis*, after having exhibited

1804.

BOSTWICK
v.
LEWIS.

this deed in evidence, as a good and valid deed, to say, now, it is not good. If he has no deed, then he ought not to recover. If such an action as this would lie, there would be two concurrent remedies for the same thing.

The evidence offered was wholly irrelevant, for showing that the title to part of this land was not in *Nichols*, could not tend, in the least, to show, that the remainder was of no value.

In this declaration, no cause of action is shewn. The strongest allegations are, that the defendant represented the land as excellent, well worth twenty five cents per acre. Nothing is affirmed as fact, but an opinion merely is given. If a man declares, that there is a mountain of salt, or lake of whisky, upon his land, and there is none, he states a fact ; and this declaration, if not true, may be a ground of action. But if he states, that he has an excellent horse, well worth $ 50, and the horse is not worth that sum, no action will lie, for he might have examined and judged for himself. A mere over estimation will not be a ground of action. The maxim, *caveat emptor*, applies. An extravagant representation of the value of a small farm in this State, would not be a ground of action ; and the reason of the case is the same, if the land lies in Virginia.

The law will not encourage the indolent, nor pay the buyer for shutting his eyes. In *Pasley* v. *Freeman*, (a) BULLER, J. says, " the buyer of land is at his peril to see to the title." Mere affirmation, unaccompanied with fraud, will not furnish a ground of action. (b)

(a) 3 *Term Rep.* 56.
(b) 2 *East* 314, *Parkinson* v. *Lee.*

There have been decisions in the Superior Court, in favour of a recovery for fraud in the sale of lands. A state of things has existed, which led that Court to adopt principles, which, in less tumultuous times, would never have been recognized. But these opinions have never been sanctioned, by this Court ; and the case of *Pollard* v. *Lyman*, (c) so far as it went, was in opposition to the principle contended for.

The Counsel for the defendant in error, contended, that if the testimony ought to have been admitted, the judgment is correct, though the reason given for admitting it may be incorrect.

The evidence was properly admitted, although *Lewis* had a warranty deed, and although *Nichols* was responsible. For, damages are not now claimed of *Nichols solely*, but of him *and others*, for having combined with them to defraud the plaintiff. *Lewis* took this deed, because *Bostwick* and others represented to him facts, which did not exist ; and now it is urged, as a reason, why they should be liable, that they did actually induce the plaintiff to receive the deed. Having a right of action against all, we are not bound to resort to one only.

We have a right to this action, because in this, *greater damages* may be recovered, than in an action on the warranty. The rule there is, the consideration, and the interest ; but in cases of this kind, this Court have established a different rule. In actions of fraud, there is, indeed, no rule of damages. The Court cannot restrict the jury, as to the damages. This testimony was, therefore, proper, to increase the damages. (d)

(c) Ante 156.
(d) Vide *Bostwick* v. *Lewis*, ante 33, and *Norton* v. *Hathaway*, decided in the Supreme Court of Errors, in 1800. The original ac-

Notwithstanding this deed, *Lewis* had a right to go on, and prove his case. A party is not to be estopped from proving his case, because he has produced evidence, tion, in the latter case, was brought by *Joshua Hatheway* against *Philo Norton, Austin Nichols,* and four others, for fraud in the sale of Virginia land. The declaration charged the defendants with having entered into a combination to defraud the plaintiff. To effect their purpose, two of them applied to the plaintiff, and proposed to sell him 25,000 acres of land, lying in Russell County, in Virginia, and to induce him to give a great price for the same, they affirmed to him, that the land was of an excellent quality, having a rich soil, and covered with valuable timber; that it was well worth half a dollar *per* acre; and that the title was unquestionable. The plaintiff, relying upon these representations, agreed to purchase said land, and to pay for the same 2s. 3d. *per* acre. The two defendants above mentioned then executed a bond to the plaintiff, in the penal sum of 6000*l.* either to procure for him, from the Commonwealth of Virginia, a patent of the land, or to give him their warranty deeds thereof, within a specified time; and the plaintiff, on his part, gave his bond, in the penal sum of 6000*l.* conditioned for the payment of the purchase money, amounting to 2812*l.* 10s. These defendants procured, within the time specified, and presented to the plaintiff, a patent, purporting to be a grant of 20,000 acres of land from the Commonwealth of Virginia, signed by the governor, which the plaintiff refused to accept. The representations made by them to the plaintiff were false; the land was not of a good quality; the defendants had no title to it; and Virginia had none, at the time said patent issued.

The defendants pleaded, severally, *not guilty;* issue was joined to the jury; and a verdict was found, and judgment rendered, for the plaintiff.

The principal exception, taken in error, was, that no legal ground of damages appear in the declaration.

*Edwards,* (of New-Haven) for the plaintiffs in error.

*Brown,* and *Mills,* for the defendant.

BY THE COURT,

The judgment was affirmed.

which may prevent a recovery. Not a *dictum* can be shewn to support such an idea. In England, the plaintiff may be non-suited; but there is no such practice here. But the regular, and perhaps the only way, for them to take advantage of this deed, was, to have pleaded it. The deed introduced is not valid by the laws of Virginia. By the laws of that State, a deed must be proved by three witnesses, and acknowledged before some court in the neighbourhood, where the land lies. Deeds executed out of the State, must be acknowledged before some court of law, or mayor, &c. and must be proved by three witnesses. This deed, therefore, is nothing more than evidence, that a bargain was made.

But, it is said, there are no allegations in the declation, which authorize a recovery. It is stated, that the defendants combined to cheat the plaintiff; that they severally affirmed, that the land was of an *excellent* quality, not mountainous, nor rocky, well fitted for agricultural purposes; that *Bostwick* shewed him a map, on which the land appeared to be intervale, well adapted for improvement. Representations more strong could not have been made.

But, it is said, no action can be maintained for fraud in the sale of land, and this is represented to be the law of Great-Britain, and the doctrine of our ancestors. The case of *Roswel* v. *Vaughn*, (e) is the only case, which goes to prove the doctrine advanced, in any degree; and that has been long exploded. In *Risney* v. *Selby*, (f) where the seller affirmed, that he received a certain rent, and it proved to be less, the plaintiff recovered.

(e) *Cro. Jac.* 196.　　　　(f) 1 *Salk.* 211.

K k

It is admitted, that actions of this kind have been supported in the Superior Court; and the reasons in *Pollard* v. *Lyman*, in this Court, do not counteract these decisions. In *Norton* v. *Hatheway*, they must have been recognized. The principles of that case were the same as of this, although it was not so strong a case. If, then, it were clear, that such actions could not be sustained in Great-Britain, our courts have gone too far to recede.

The practice of procuring decoys is the most effectual instrument of fraud, that was ever devised; and has always been held sufficient to vitiate a contract, as in cases of insurance, &c. It is as consistent with justice, as with sound policy, that such persons should feel the arm of the law.

BY THE COURT,

The judgment was affirmed.

# Smith *v.* Blake.

## In the Court below,

ELI SMITH, *Plaintiff*; REUEL BLAKE, *Defendant.*

An action on the case will not lie in favor of the creditor of a person who is insolvent, against a third person, charging him with having fraudulently taken and claimed the property of the insolvent, as his own, to defraud the creditors.

THIS was an action on the case, stating, that *Stephen Ranney* was indebted to the plaintiff, to a certain amount, by two promissory notes; that a short time before the same became due, he was the owner of considerable property, as oxen, cows, &c. and had the improvement of a forge, &c. more than sufficient to pay said demand; that being in debt, and embarrassed, he proposed to the defendant to assist him in concealing his property, from his creditors; that the defendant, to effect this purpose, pretended to hire himself to said *Ranney*,