Sewall, J.
In this action of assumpsit the plaintiff sets forth the bargain and consideration which induced the assign- [ * 243 ] ment * of the bond, and the offer of the assignment on the part of the defendant; and alleges a promise thereon that the instrument purporting to be the bond, <fcc., was genuine and valid, and that the condition thereof was broken, and the obligors liable to pay ; and further avers that, confiding in these promises, the plaintiff conveyed the estate to the defendant, which was the consideration of the assignment; and that he thereupon assigned the bond to the plaintiff, and authorized him to collect it. It is not said that the assignment was made by a sealed instrument and letter of attorney. It may have been, for aught that appears in the declaration, a mere delivery of the bond, with words of assignment, and permission and authority to collect.
But we learn from the report that the assignment was, in fact, by a sealed instrument, with special covenants and stipulations. This therefore is to be considered as exclusively the evidence of the contract between these parties, respecting the instrument or property assigned and transferred as a bond. All verbal stipulations or observations respecting this bond are merged in this written assignment, which contains on this subject the whole contract of the parties, and is exclusively the only evidence of any contract made at. that time, and upon the consideration alleged, which the plaintiff *247 can enforce. But then the form of action is wholly unsuitable for a demand upon promises made in a sealed instrument. These are to be stated as covenants in the formed action of covenant, (a)
Certain forms of action, especially in cases ex contractu, are required to be exclusively observed, as most suitable to certain forms of evidence.
This rule of practice, as it may be called, but which is more properly a principle for determining rights of action, and the result of evidence, has settled that a contract under seal is to be enforced by an action of debt or covenant, in which the specific nature of the contract is precisely stated, where the defendant has the advantage in pleading, which may be derived from the exhibition on the record of the instrument itself, by which he is charged; and where the * case depends upon evidence of this nature, [ * 244 ] an action in the form of assumpsit, or alleging any supposed implication of the evidence, is not permitted. The party complaining of a breach of the contract must resort to the security he has, which is reckoned of a higher nature than any verbal prom ise. If this were not the case, the party charged might be deprived of the advantage intended and proposed from the certainty and precision which are generally aimed to be preserved in a contract state 1 in some known and established form, and in a sealed writing deliberately executed. The party claiming under such an instrument may declare, indeed, according to the legal operation; but as he cannot proceed, when it appears that he has misstated the tenor or mistaken the effect of it in any material circumstance, without amending his declaration, and conforming it to the evidence, upon which he must exclusively rely, the party is secure that it will not be enforced but according to the legal operation and effect. (5)
There is another rule, not restricted, however, to specialties, which we shall have occasion to notice in this inquiry, analogous to the principle already mentioned, and derived from it. It is this, — that evidence in writing is not to be controlled or altered, or even explained, by verbal testimony, unless where an ambiguity or uncertainty, arising from some extraneous circumstance, is to be removed. (b) Some latent reference is, then, necessarily to be presumed, either from the words employed, or from the subject matter *248 of the stipulation or contract. (6) Where the parties have expressed themselves fully, have apparently said all that was intended to be said, the contract may be without effect for the uncertainty of the expressions employed in framing it; but this is not to be remedied by resorting to verbal testimony, whereby not only the danger of frauds and perjuries is incurred, but the more considerable danger of enforcing the mistaken suppositions of the witnesses, to the prejudice of the party charged. Evidence of this kind must be understood to be excluded and prevented by the intentions of the parties, when they have concurred in expressing their [ * 245 ] * whole contract in writing. This merges all previous and accompanying stipulations, talked about but not ratified, and becomes exclusively the evidence of the agreement which is to be enforced.
In the case at bar, some of the evidence, essential to the plaintiff’s right of action, is to be derived from an assignment by deed, a contract under seal, deliberately executed by the defendant, and accepted by the plaintiff. Whatever proposals or conversation, in the nature of a bargain or dealing, may have taken place between the parties before this deed was executed, or at the time, the instrument itself is of no avail or significancy, unless it is understood to contain exclusively, in the intentions of the parties, all the stipulations, provisions, and covenants, or promises, which constituted their ultimate contract and agreement on the subject of the assignment therein set forth. Particular dubious expressions in the instrument, having in themselves, or in the nature of the subject, some latent reference to extraneous testimony for explanation and certainty, might be so supplied. But it is not pretended that the written contract between these parties is liable to any difficulty of that kind. Any promise by parole, subsequent to this contract, although arising out of it, might be enforced by an action of assumpsit, but not this contract. The assignment by the defendant states a consideration, and the absolute transfer of the bond, and confers a power to recover it to the use ot the assignee, the plaintiff in this action ; and with him the defendant stipulates for the sufficiency in pecuniary ability of the obligors. But this is with one condition, which is stated, viz., that this collateral liability on his part is only to have effect for one year, and in'case the bond shall be demanded and process commenced upon it within that time.
The validity of the instrument assigned, that it was in fact what it purported to be; that it had not been paid or avoided; that it was due and payable, and was a security to the defendant for his in *249 demnity against the mortgage upon the estate exchanged; that he had power to assign it; as stipulations necessary to the contract are implied, it may *be supposed, in the assign- [ * 246 ] ment itself, undertaken by the defendant. If this is the case — of which we give no opinion at present — then this action is unsuitable, because implications of the kind suggested, arising upon a sealed instrument, and to be set forth and averred according to its legal effect, are to be set forth in an action of covenant grounded on that instrument; which the defendant is enabled to place upon the record in its exact tenor and words, that he may refer to the judgment of the Court any question to be made of the covenants alleged, whether these are to be found in the instrument or not, and what is their meaning and import, or legal effect of the words in which the contract is expressed.
If no stipulations for the assurance of the plaintiff in the particulars mentioned are to be found in the instrument, or to be derived as covenants from its legal operation, then, as connected with the contract of assignment, there is no evidence of them. And independent promises upon this subject are to be set forth and proved upon some other consideration and bargain; for of this the written assignment and the covenants therein are exclusively the evi dence.
The breaches of the supposed promises are alleged: in a manner that intimates, at least, a complaint of deceit and fraud. The allegations are, however, inconsistent with each other in some respects, and, taken together, are insufficient to enable us to give to this action, or the evidence to support it, the effect of an action for a deceit and fraud considered as a tort, and not as a breach of contract. The incon sistency I have noticed is in the allegations that the bond had no validity at the time when the promise was made, and that the condition of it had not been broken ; so, also, that the obligors were not liable to pay 500 dollars upon it. If there was no instrument, there would be no condition, nor any liability of the obligors for any sum whatever. The bond may have been once valid, and yet, in consequence of a performance of the condition, (which is for a conveyance of the land, bargained by the defendant to be made by the obligors, with a warranty against all encumbrances, and not for the payment of money to the defendant,) it may have * become, [ * 247 ] at the time of the assignment, invalid ; that is, performed in full. This seems to be stated in the averment, that the condition had not been broken, and that the obligors were not liable for the penalty. If that was the case, the loss or injury sustained by the plaintiff, if he had been deceived in the state of the contract, maybe the foundation of an action for the fraud.
*250 What are stated as promises are rather affirmations. If these were falsely made, deceitfully and knowingly, on the part of the defendant, and with intentions of fraud, he may be liable in another form of action, but not in this. The inducement to what may be called allegations of fraud are in the form of a declaration upon a contract. These allegations are therefore to be taken in reference to the inducement; and then they are nothing more than is usual in declarations in assumpsit according to the English forms, although not so much so in our practice. (7)
Upon the whole, an action of assumpsit will not lie upon this evidence. If the contract between these parties extended to the case set forth, the promises alleged are to be found in the sealed instrument, or there is no competent evidence of them any where, after the parties had consented in that form of contract, which is the foundation of an action of covenant, and not of assumpsit. And if the plaintiff cannot avail himself of the terms of his contract, it may still be competent for him to recover an indemnity against the defendant, if, in the subject matter of the contract, the defendant, with fraudulent intentions, affirmed and represented what he knew to be false, and the plaintiff has been thereby deceived and cheated, to his loss and injury.
The observations made are more particularly applicable to the count on a special promise; but they are also conclusive against the general counts in indebitatus assumpsit, whether for money received to the use of the plaintiff by the defendant, or money paid to his use by the plaintiff.
In the report of the evidence at the trial, when this case was reserved, it is stated, in very general terms, that the facts alleged in the special count were satisfactorily proved, f * 248 ] * It is at least doubtful, when the allegations are compared, whether a case of fraud, such as the assignment of a forged bond, knowing it to be forged, would be, was proved or not. I will suppose, however, that this was the fact, to take the strongest case for the plaintiff which the allegations referred to will, in any possible construction of them, suggest. The case, then, is analogous, in many material circumstances, to the case of Bree vs. Holbech. (8) There assumpsit for money received to use was brought to recover the consideration paid to the defendant for the assignment of a bond and mortgage, which turned out to be a forgery by an attorney, who had been employed to loan money for the defendant’s intestate; the assignment having been made by the defendant, as administrator, with covenants against encumbrances by any act of the intestate nr *251 the administrator. The transaction was more than six years before the action was brought; and the defendant, besides the general issue, pleaded the statute of limitations. To this last plea the plaintiff replied the affirmation and assertions of the defendant, that there was an indenture of mortgage, and that the principal sum men tioned therein was due to him as administrator, and then averred that these assertions had proved to be false, inasmuch as there never was any indenture of mortgage, &c., and that by fraud and imposition, and by means of the false assertions, die., the plaintiff had been induced to pay the sum demanded in his writ, and that the discovery of this fraud had been made within six years. Upon a demurrer to this replication, it was decided that, without an averment of the knowledge of the forgery on the part of the defendant, and proof of a wilful fraud, the plaintiff was not entitled to recover. The plaintiff had leave, however, to amend, if the facts would support a charge of fraud.
This decision is stated and revised in the subsequent case oí Cripps vs. Reade. (9) There assumpsit for money had and received to the use of the plaintiff was maintained, for the consideration paid for the purchase of a lease-hold estate. The defendant affirmed himself to be entitled, as administrator, * and [ * 249 ] promised to see him righted if any thing happened, and, for the money paid, delivered over the writings of the lease to the plaintiff, as purchaser. The plaintiff had been evicted from the premises, to which the defendant had no title, as he had, innocently as to his intentions, supposed. But Lord Kenyon differs this from the case of Bree vs. Holbech, by the circumstance of a parol transaction, without any regular conveyance, and proceeding upon a misapprehension by both parties, and held that the money was recoverable, as paid by mistake.
Comparing these two decisions, and the opinion of Lord Kenyon in the one, and that of Lord Mansfield in the other, we may deduce these principles as recognized and established by them, — that assumpsit for money received to the use of the plaintiff is a competent remedy in a case of fraud, where money has been paid by the plaintiff to the defendant, as the consideration of a purchase of a bond secured by a mortgage of real estate, notwithstanding an assignment or conveyance of the bond and mortgage by a sealed instrument; and also for money paid in a dealing for a lease-hold estate, where tne transaction has been by parole, and a delivery of the writings of the lease-hold, without any conveyance, both the plaintiff and defendant having been under a misapprehension of the right in the property proposed to be assigned, and the authority to transfer it *252 But, in these cases, the mistake in the one, and the supposed fraud in the other, must extend to the whole bargain; and the money paid is to be wholly recovered back, upon the ground of an entire failure of the contract.
In many circumstances, therefore, material to the decision, the case at bar, supposing the assignment of a forged bond to have been proved, differs from the cases cited. No money had been, in fact, paid by the plaintiff to the defendant; nor does it appear that the plaintiff had been at any charge or expense by means of the mortgage, against which the supposed bond, assigned to him, [ * 250 ] was intended as an indemnity. * Or, if a charge of that kind had been incurred, it may be presumed — and there is nothing to repel the presumption — that the plaintiff had an assignment of that bond and mortgage, and a sufficient opportunity of indemnifying himself thereby. But, what is more conclusive still, that a charge or expense was not in any sense incurred for the use of the defendant, the mortgage not being his, and he not being answerable for the encumbrance upon the estate, by any implication from his conveyance, but only by the covenant in the assignment specially directed to that circumstance; that is, an assignment of the bond, with a conditional guaranty of the solvency and responsibility of the obligors therein, if sued within one year.
If there was a wilful fraud in this part of the transaction, it may be remedied by an action for the fraud and deceit; and the damage thereby inevitably incurred may be recovered. But the amount of these damages is not to be measured or inquired into in an action upon a special promise, or upon a general indebitatus assumpsit.
Upon the whole, in the case at bar, as the special promise alleged respects the assignment of a bond, and as the contract between the parties, whatever it was, respecting the assignment of the bond mentioned, resulted in a writing, under seal, with special covenants respecting the recovery of the bond assigned, we think no other evidence competent for the plaintiff, in showing that transaction, and to establish a demand upon the contract itself. And the general indebitatus assumpsit is not to be maintained, even upon the supposition of fraud, and the assignment of a forged bond, where the whole contract has not been rendered void, and has not been, and is not to be, rescinded ; and especially without evidence of money paid to the defendant, and retained by him against equity, or money received by him, which he refuses to pay. (c)

Plaintiff nonsuit.

*253 ADDITIONAL NOTE.
[Assumpsit does not lie upon an award, where the submission is by a sealed instrument.— Tullis vs. Sewell, 3 Ham. 510. — See Horton vs. Ronalds, 2 For. 79. — Bowls vs. French, 2 Fairf. 182.
Nor for use and occupation, where lent is reserved by deed, even though the tenant has expressly promised to pay, unless it be done upon some new consideration — Codman vs. Jenkins, 14 Mass. Rep. 95. — Hawkes vs. Young, 6 N. H. 300.
Nor by the assignee of a bond, without an express promise, though the obligor has paid him a part of it. — Dubois vs. Doubleday, 9 Wend. 317.
Nor against one who assigns a specialty by an indorsement under seal.— Sommer ville vs. Stephenson, 3 Stew. 271.
A lessor of land by deed, having covenanted to pay for certain work done thereon by the tenant, after the term expired promised to pay him an ascertained balance therefor. Held, assumpsit would not lie for the work. — Wilson vs. Murphey, 3 Dev. 352. — See Miller vs. Watson, 4 Wend. 267.
Where, from any cause, no action lies for a debt upon a specialty, assumpsit may be brought upon a promise to pay it. — Wilson vs. Murphey, 3 Dev. 352.
Where two parties drew up an account of their mutual claims, and on the same paper executed a writing under seal, agreeing that these were all their respective demands, and, when the accounts should be balanced, all their securities should be cancelled; held, this writing was not a contract for payment of money, and did not merge the other, but that the party owing a balance was liable to the other upon an insimul computassent. — Hoyt vs. Wilkinson, 10 Pick. 31.
Assumpsit for the price of goods lies against a company, though its agents contracted, under their seals, to pay for them. — Cram vs. Bangor, &c., 3 Fairf. 354.— See Dubois vs. Delaware, &c., 4 Wend. 285.
The plaintiff, by a sealed instrument, agreed to erect a building, at a fixed price, for the defendant. Having partly done the work, and finding the price inadequate, he refused to go onj but, upon a verbal promise by the defendant, that he should be paid for his labor and stock, and should not suffer, he proceeded and completed the building. Held, the plaintiff might maintain an action upon the parol agreement. — Munroe vs. Perkins, 9 Pick. 298.
So assumpsit lies for work done under a sealed contract, though not according to it, if accepted by the defendant.— Watchman vs. Crook, 5 Gill & J. 240. — F. H.]

 [There does not appear to have been any covenant respecting the genuineness of the bond. — Vide Frost vs. Raymond, 2 Caines's Rep. 193. — Ed.]

 See Chitty on Pleading, 94, 95, 113.

 [The rule seems to have no just application to a matter not embraced in the writing. —Jeffry vs. Walton, 1 Stark. Rep. 267.—Bishop of Meath vs. Lord Belfield, I Wilson, 215. — Phillips's Ev. 7 ed. 540. — Towers vs. Moor, 2 Vern. 98. — Wilson vs Hart, 7 Taunt. 295. — Ed.]

 Peake’s Ev. 112,113, not is.

 See 2 Caines's Rep 161. — 1 Johns. 416

 Doug. 654

 6 D. & E. 606.

 [An action on the case for deceit will lie for fraudulently selling land wliicli has no existence, notwithstanding the covenants in the deed, (Warded vs. Fosdick 13 Johns. 3525;) or for selling lands to which the vendor has no title, (Com. Dig. *253 Ac. Cas. Dec. A, 8, Mo. 126. —1 Font, 366. — Frost vs. Raymond, 2 Caines’s Rep. 193. — Bostwick vs. Lewis, 1 Day, 250}) or for a false representation that a certain privilege is annexed to the land, which is not mentioned in the deed, (Monrell vs. Colder, 13 Johns. 395;) or for deceit in pointing out the wrong boundaries, (Sanford vs. Rose, 2 Tyler, 428;) or falsely representing the number of acres, (M’Corin vs. Delaney, 3 Bibb, 46;) or for misrepresenting the situation or quality of the land, (Monrell vs. Colder, ubi sup.— Bostwick vs. Lewis, ubi sup.;) or where the warranty does not reach the particular defect, (Rickets vs Wait, 1 Car. Law Rep. 77.)—Ed.]