## ANNA HOW *versus* ASA HOW.

A. covenanted with B. that he would maintain C., the wife of B., in case she survived him—held that C., after the death of B., could not maintain an action of covenant in her own name upon the deed.

THIS was an action of covenant broken. The declaration alleged, that said Asa, on 25th December, 1804, by his deed of that date duly executed, and in court to be produced, conveyed to one Mark How, then the plaintiff's husband, a certain farm, which had before belonged to said Mark, and had been given by him to said Asa, without the privity of the plaintiff, to hold to said Mark, in fee and in mortgage, as collateral security for the performance of the conditions and covenants in said deed under written, and that said Asa, in the same deed, with the consent of said Mark, covenanted with the plaintiff, that in case she survived the said Mark, and should choose to take a living instead of her dower in said farm, he, the said Asa, would provide for her certain enumerated articles. That on 19th February, 1813, said Mark died, and her right of dower in the farm aforesaid vested in the plaintiff, and the plaintiff then and there surrendered her said right of dower to said Asa, and elected to take a living in lieu thereof; and said Asa then and there accepted said surrender of dower and confirmed his said covenants, yet said Asa had not performed said covenant.

The defendant craved oyer of the deed, which was as follows: "Know all men, &c. that I, Asa How, &c. in consid- "eration of two thousand dollars, to me paid by Mark How, "&c. do give, grant, &c. unto said Mark, his heirs, &c. a "certain farm in Merrimack, on which said Mark now lives, "to have and to hold the said premises to said Mark and his "heirs forever. And I, the said Asa, for myself, &c. do "covenant with said Mark, his heirs, &c. that I am the law- "ful owner, &c. and will warrant and defend the same to "him, the said Mark, his heirs, &c. against the lawful claims "and demands of all persons.—Furthermore it is the true "intent and meaning of the grantee in these presents, any "thing herein contained to the contrary notwithstanding, that

How
*vs.*
How.

"if the said Asa provide and furnish the said Mark and
"his wife with the west room, &c. (enumerating every arti-
"cle necessary for their support,) annually, if demanded dur-
"ing the life of said Mark. Said Asa is to find good and suf-
"ficient clothing, doctoring and nursing for Samuel, son to
"said Mark, until he arrive to twenty-one years of age, in
"case he be unable to support himself; pay all the debts of
"said Mark now contracted, find good and sufficient clothing
"and nursing for said Mark and his wife Anna during their
"natural lives, and at their decease decently inter them and
"erect grave stones at their graves. In case said Anna sur-
"vive said Mark, and she choose to take a living instead of
"her dower in said farm, the said Asa engages to provide
"two cows for said Anna, &c. (enumerating several things
"to be provided for her,) if annually demanded. Provided,
"if said Anna decease before said Mark, then one third to
"be deducted, except house room, &c. And in case the
"foregoing be insufficient for a decent and comfortable sup-
"port and maintenance for said Mark and Anna, and the vis-
"its of their children and friends, the said Asa obligates
"himself to make it such, only that said Mark and Anna are
"not to dispose of the income of the above, other than for
"the use of their family.

"Now if said Asa do fulfil on his part all and every of
"the foregoing, (if annually demanded,) then this obligation
"and instrument is to be void in all its parts—and at the de-
"cease of said Mark and Anna the whole of the above is
"to be of none effect, excepting as respects the funeral charges
"and grave stones.—Witness my hand and seal, 25th De-
"cember, 1804."                          A. H. and seal.

Which, being heard, the defendant pleaded *omnia perfor-
mavit,* upon which issue was joined.

The cause was opened to the jury at October term, 1816,
in this county, when the court being of opinion that the ac-
tion could not be supported, nonsuited the plaintiff. But her
counsel having moved the court to set the nonsuit aside and
grant another trial, the cause was continued for advisement.

The cause was argued at this term by

*C. Claggett* and *J. Smith*, for the plaintiff.

*Atherton*, for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J. The question to be determined in this case is, whether Anna How can maintain covenant in her own right on the deed which she produces in court? This question must be determined by the deed itself. No averment of matter out of the deed can alter the case. Every allegation in the declaration of matter not contained in the deed must be rejected as surplusage. 1 *Salk.* 197, *Green* vs. *Horne.*

The nature of the transaction is perfectly evident. Mark How, wishing to secure a maintenance for himself, his wife and infant son, had conveyed to Asa his farm. In consideration of the conveyance, Asa contracted with Mark to support him and his wife during Mark's life, and the infant until he should arrive at twenty-one years of age; pay Mark's debts then contracted, and the funeral expenses of him and his wife. But Anna How had not concurred in the conveyance of the farm. She still retained her right of dower.— Asa therefore contracted with Mark, that if his wife should survive him, and should choose " a living " in lieu of dower, he would maintain her. To secure the performance of this contract, Asa re-conveys the land to Mark in mortgage. The whole transaction is most manifestly between Mark and Asa. Mark pays the consideration, the mortgage is given to him, the contract begins with the declaration, that it is " the true intent and meaning of the grantee," Mark, &c. Anna How is evidently a total stranger to the whole contract, and when Asa engages to furnish her certain articles, the contract must be considered to be with Mark, who paid the consideration. No authority, ancient or modern, can be found, which will warrant any other construction. 10 *John.* 47, *Gardner* vs. *Gardner.* The covenant then being not with her, but with another for her use, it is clear the action cannot be supported, and the nonsuit must stand. 1 *Levintz* 235, *Offly* vs. *Ward.*           *Judgment for the defendant.*