## NOAH HINKLEY & al. vs. WILLIAMS FOWLER.

Where one covenants or agrees under seal with another to pay him a sum, or to do an act for his benefit, assumpsit cannot be maintained, the only remedy being on the covenant or agreement.

Where one *promises* another for the benefit of a third person, such third person may bring an action of assumpsit in his own name.

But where one person *covenants* with another to do an act for the benefit of a third, the action cannot be maintained in the name of such third person.

Yet without a violation of these rules, a sealed instrument may be used as evidence in an *action of assumpsit*, and may form the very foundation out of which the action arises, where in the sealed instrument there is no stipulation *for payment or performance to the party to be benefitted*, or to some other person for his use.

Thus where two persons set down on paper, under their hands and seals, a mere naked statement of what their rights, and the rights of certain others, shall be on the happening of a certain event, without any covenant or contract to pay to any one; the rights of such others secured by the instrument may be enforced in assumpsit, for money had and received, in their own names.

Where one sells property belonging to himself and others, and takes promissory notes therefor to himself alone, payable on time, and transfers the notes for his own benefit, an action will immediately lie against him, although the notes may not have become payable.

THE action was assumpsit for money had and received, and the plantiffs were *Noah Hinkley* and *George Jewett*. In the very long report of the case, and voluminous papers attached to it, it appears, that on the trial before EMERY J., the plaintiffs offered in evidence a paper under the hands and seals of the defendant and *Luther Jewett*, of which the following is a copy. " Whereas *Williams Fowler* has a bond from *John Bradley* of about 17,000 acres of land for two dollars per acre, and whereas *Luther Jewett* has a bond of about 13,000 acres of land from the *Messrs. Perleys* and *Richard Davis*, at one dollar and seventy cents per acre, both pieces in townships No. two and three, 9th range ; now we, the subscribers, do hereby agree, that if said *Fowler* makes sale of said two pieces of land, then all over and above two dollars, which the 17000 acres sell for, is to be divided equally among *Williams Fowler, Joseph Thaxter*, and *Luther Jewett*, one third each, and all over and above one dollar and seventy cents per acre, which the

13000 acres sells for is to be divided equally among *Williams Fowler, Richard Davis, Jewett* and *Hinkley* as one, and *Luther Jewett,* one quarter each. To which agreement as above, we have hereunto set our hands and seals, this third day of *February,* 1835.

"*Williams Fowler,*     [SEAL.]

"*Luther Jewett,*      [SEAL.]"

On the back of a paper called a bond, not under seal, from *J. & T. Perley* to *Luther Jewett,* dated *October* 25, 1834, was the following. "*Augusta, February* 22, 1835. I hereby assign to *Mr. Williams Fowler,* for value received, all my right and interest in the within bond, and do hereby empower him to proceed with it as he may see fit. *Luther Jewett.*" There was parol evidence tending to show, that by an arrangement between the parties, not in writing, the several persons named in the paper signed by *Fowler* and *L. Jewett,* were in fact interested in the manner therein stated. When these papers were offered in evidence by the plaintiffs, the defendant objected to their admission. The objection was overruled by the Judge and the papers were read in evidence. *Luther Jewett* was called as a witness by the plaintiff, and testified, that he received no consideration whatever from *Fowler,* or from any other person, for making the said assignment to *Fowler,* nor was it agreed or contemplated, that he should receive any, but that it was done on his part solely for the purpose of enabling *Fowler* to carry into effect the original agreement and understanding between all the parties, as set forth in the writing under the hands and seals of himself and *Fowler.* To this testimony and statement of *L. Jewett,* the counsel for *Fowler* objected, but the objection was overruled by the Judge. The defendant sold the lands mentioned in the agreement at an advance, and received in part payment, notes running to himself, of which some had not become payable when the suit was commenced. When *Luther Jewett* was called as a witness, the defendant objected to him, as interested. He declared, that he had no interest in the event of this suit, unless the instrument signed by the defendant and himself made him so in law. The objection was overruled. At the close of the evidence, the counsel for the defendant, renewed their objections, and the JUDGE instructed the jury for the purposes of this trial, that under the facts proved in the case, the action of assumpsit would lie for the plain-

tiffs, so far as respected the mere form of action; that as the defendant took the promissory notes all payable to himself, or bearer, and had disposed in various ways of a large portion of them, had refused to give any account of the residue, and though regularly notified to produce them at the trial, if he still held any of them, or had them in his possession, had in fact produced only one, the greater portion of which appeared to have been paid, if they were satisfied, that the plaintiff had realized the amount of said notes and had had the benefit of them so as to apply the proceeds of them to his own use, he was rightly chargeable for them in this action. The verdict was for the plaintiff, and was to be set aside if the evidence objected to should have been excluded, or if the instructions were erroneous.

*Fessenden & Deblois*, in their argument for the defendant, endeavored to support these propositions.

1. The contract by which *Fowler* covenants to pay *Jewett* and *Hinkley* one quarter part of such sum as a certain quantity of land might sell for, being a contract under seal, and containing covenants, any remedy for a breach of these covenants must be sought by an action of covenant broken, and in the name of *Luther Jewett*. And no action of assumpsit will lie in the name of the present plaintiffs against this defendant, to recover any thing secured to them by the covenants in the contract. *Richards* v. *Killam*, 10 *Mass. R.* 239; *Perkins* v. *Gilman*, 8 *Pick.* 229; *Whiting* v. *Sullivan*, 7 *Mass. R.* 107; *Chandler* v. *Herrick*, 19 *Johns. R.* 129; *Rolls* v. *Yate*, Yelverton, 177; 1 *Chitty on Pl.* 5; *Sanford* v. *Sanford*, 2 *Day*, 559; 3 *Lev.* 138; 1 *East*, 497; *Montague* v. *Smith*, 13 *Mass. R.* 396; *Scott* v. *Goodwin*, 1 *Bos. & P.* 67; *Eccleston* v. *Clipsham*, 1 *Saund.* 153; *Pigott* v. *Thompson*, 3 *Bos. & P.* 147, note *A*; *Marchington* v. *Vernon*, 1 *Bos. & P.* 101, note *B*; *Dutton* v. *Poole*, *T. Raymond*, 302; *Anderson* v. *Martindale*, 1 *East*, 497; *Gibbs* v. *Bryant*, 1 *Pick.* 118; *Drinkwater* v. *Gray*, 2 *Greenl.* 163.

2. If the action of assumpsit can be maintained, the plaintiffs cannot recover the amount where the notes taken for the land were payable at times subsequent to the commencement of the action. If they were entitled to the notes, they should have brought trover for them, and not have sought to recover money instead of them.

*Day* v. *Whitney*, 1 *Pick.* 503; *Lamb* v. *Clark*, 5 *Pick.* 193; *Whitwell* v. *Vincent*, 4 *Pick.* 449. The defendant was entitled to the possession of the note as joint owner. *Sheldon* v. *Welles*, 4 *Pick.* 60; *Smith* v. *Stokes*, 1 *East*, 263; *Holliday* v. *Camsell*, 1 *T. R.* 658; *Selw. N. P.* 1155.

3. *Luther Jewett* was an interested witness, having a direct interest in the event of this suit. He was the person with whom the defendant had covenanted, and the only person who could discharge the contract of the defendant. *Offley* v. *Ward*, 1 *Lev.* 235; 2 *Institutes*, 673; *Gilby* v. *Copley*, 3 *Lev.* 139; *Scholey* v. *Mearns*, 7 *East*, 148; *Bland* v. *Ansley*, 2 *New Rep.* 331; *Buckland* v. *Tankard*, 5 *T. R.* 578.

*Preble*, for the plaintiff. There is no distinction, where third persons are interested, between a contract under seal, and one without a seal. The paper signed by *Jewett* and the defendant, is a mere recital of certain facts, and will no more entitle *Luther Jewett* to bring the action, than the plaintiffs. It was proper evidence to show, that the defendant had received a sum of money which he ought to pay over to the plaintiffs; and to recover it, assumpsit is the proper action. *Buller's N. P.* 133, 134; *Felton* v. *Dickinson*, 10 *Mass. R.* 287; 1 *Bos. & P.* 101; *Dumond* v. *Carpenter*, 3 *Johns. R.* 183; *Heard* v. *Bradford*, 4 *Mass. R.* 326; *Sutherland* v. *Lishnan*, 3 *Esp. R.* 42; *Cro. Eliz.* 729. He contended, that the second point was properly settled by the jury. They have found, that the securities were turned into money before the suit was commenced. On the third point, he cited *Barker* v. *Prentiss*, 6 *Mass. R.* 430.

After a continuance for advisement, the opinion of the Court was drawn up by

SHEPLEY J. — Several objections were made at the trial to the right of the plaintiffs to maintain this action, and to the proceedings at the trial; three of which only are insisted upon in argument. The first denies their right to maintain an action for money had and received, because their rights, if any they have, are secured to them by deed.

It is never the duty, nor should it be the design of the Court to endeavor to support a particular form of action contrary to well

established rules of law. It would introduce uncertainty and be productive of more mischief than will be in any case done, where a party has brought a wrong action, by turning him round to a right one. Yet in the great variety of contracts, and especially in times when the usual forms of instruments are greatly disregared, it may happen, that contracts are made in such a manner as to render it very difficult to determine, what is the proper remedy for an admitted right. And this case is not an inapt example of such a contract.

It is proper to state, for the purpose of coming to a correct conclusion, certain well established rules. Where one promises another, for the benefit of a third person, such third person may maintain the action of assumpsit in his own name. *Dutton* v. *Pool*, *Sir T. Ray*, 103 ; *Felton* v. *Dickinson*, 10 *Mass. R.* 289. Where one covenants, or agrees with another to pay a sum, or to do an act, the other cannot maintain assumpsit. His remedy is, as the law expresses it, of a higher nature. *Bennus* v. *Guildly*, *Cro. Jac.* 506 ; *Bulstrode* v. *Gilburn*, 2 *Stra.* 1027 ; *Toussaint* v. *Martinnant*, 2 *T. R.* 100 ; *Richards* v. *Killam*, 10 *Mass. R.* 239 ; *Charles* v. *Dana*, 14 *Maine R.* 383.

Where one covenants with another to do any act for the benefit of a third, the rule differs from that in assumpsit, and the action cannot be maintained upon such covenant in the name of the third person for whose benefit it was made. *Offley* v. *Ward*, 1 *Lev.* 235 ; *Salter* v. *Kingley*, *Carth.* 77 ; *How* v. *How*, 1 *N. H. Rep.* 49 ; *Montague* v. *Smith*, 13 *Mass. R.* 396. Without a violation of these rules, a statute, or record, or sealed instrument, may not only be used as evidence, but may form the very foundation out of which arises an action of assumpsit. *Rann* v. *Green*, *Cowp.* 474.

Such also is the case of *Sutherland* v. *Lishnan*, 3 *Esp. R.* 42, where a seaman brought assumpsit for his wages, the ship's articles being produced, were under his hand and seal, but not executed by the defendant, the master. In *Fenner* v. *Mears*, 2 *Bl. R.* 1269, defendant made a bond to one *Cox*, and indorsed upon it an agreement to pay to any assignee of *Cox ;* the plaintiff being assignee, maintained assumpsit. *Innes* v. *Wallace*, 8 *T. R.* 595, was assumpsit by the assignee against the obligor of a stock bond, and the court say, this is not an action on the bond, that the assignment

is a consideration for the assumpsit, and liken it to an assumpsit on a foreign judgment.

It will be found upon examination of the cases which decide, that assumpsit cannot be maintained, where the rights of the party are secured by deed, that there is in the deed some stipulation for payment or performance to himself, or to some one for his benefit.

In this case the defendant and *L. Jewett* held bonds separately, of tracts of land in the same township, and agreed by deed, if the lands were sold at a profit, what portions, and between whom, there being others interested, that profit should be divided. There is not in the deed any stipulation obliging the defendant to sell, or to account, or to pay to any one. There is nothing more obliging the defendant to pay to the others, than there is obliging *L. Jewett* to pay to them ; for he might sell, and *L. Jewett* receive payment. It is true the word agree, in the deed, is a covenant to do, what is agreed to be done ; but the agreement is a naked statement of the rights of the parties interested, without any contract to account or to pay to *L. Jewett*, or do any act whatever for the benefit of the other parties. It is a single statement of what these rights may be upon the happening of certain events. It is said, that *L. Jewett* should bring an action upon the deed, and recover the share of the plaintiffs. But what right has he to recover of the defendant the shares of the other persons ? Has the defendant agreed in the deed to pay them to him ? He has not ; and would have as good right to insist, that he held the money as the agent of the plaintiffs and for their use, as *L. Jewett* would to take it from him for such a purpose. There are even stronger indications in the deed, that the defendant was designed to be the trustee for the benefit of the plaintiffs, than that *L. Jewett* was, because it was expected that he would do the business, and there is no agreement to pay their share to any other person. But suppose *L. Jewett* could, and that he should recover from the defendant the share of the plaintiffs ; how are they to bring an action against him and avoid the very objection now made ? Their rights would still be secured only by deed, and that must be exhibited to prove them ; and *L. Jewett* might then make the objection now made. If the plaintiffs cannot maintain this action it is difficult to perceive in what manner, they can obtain rights, to which the defendant admits they are entitled by an

instrument under his hand and seal. The case of *Allen v. Impett,*
8 *Taunt.* 263, fully justifies the plaintiffs in bringing assumpsit. In
that case the plaintiff was the assignee of one *Prior,* a bankrupt;
and the defendants were the trustees in a marriage settlement by
deed, holding stock and obliged by the deed to pay the interest to
the bankrupt during his life ; after the bankruptcy the dividends
were paid to his wife, and the plaintiff brought an action for money
had and received, to recover it from the defendants. It was ob-
jected, that the action should have been upon the deed, and the
plaintiff was nonsuited ; but after argument the nonsuit was set
aside and the action sustained.

The second objection is, that the defendant has not received
money but notes of hand for a large part of the amount ; and it is
insisted, that the instructions upon this point were erroneous. They
required that the jury should find " that the defendant had realized
the amount of said notes, and had had the benefit of them so as to
apply the proceeds to his own use ;" and under such circumstances
the action for money had and received, may well be maintained.
*Tuttle* v. *Mayo,* 7 *Johns. R.* 132.

The third objection is, that *Luther Jewett* was not a competent
witness. It is said, that he is interested in the event of this suit,
being the person with whom the defendant has covenanted, and the
effect of his testimony being to relieve himself from accounting to
the plaintiffs.

It has been already stated, that the deed does not constitute him
more than the defendant, the agent or trustee of the plaintiffs.
And the case finds from other testimony, that the agreement was
made by the consent of the plaintiffs, so that whether they obtain
any thing of the defendant or not, they have no right to complain
of the witness. The same answer in substance may be given to
the argument, that he made himself liable to the plaintiffs by as-
signing the bond to the defendant. They had agreed, that he
should enter into the contract by deed with the defendant, and it is
therein recited, that he was to sell ; and they could not complain
of the witness, that he assigned the bond to enable him to do so.
The witness does not appear to have received money, or to have
done any act authorizing the plaintiffs to maintain a suit against
him, and from which he would be relieved by the result of this
suit.                                    *Judgment on the verdict.*