No. 83.—GEORGE W. DYE, plaintiff in error, *vs.* WILEY WALL, defendant.

[1.] In the sale of a slave where there is a contract of warranty, the purchaser may consider the contract as a nullity, and bring his action on the case for deceit, and in such action it is not necessary that he should set forth the contract.

[2.] In an action for fraud and deceit in the sale of a slave, the bill of sale, although not described in the declaration, is admissible to prove the sale.

Action on the case for deceit, in Elbert Superior Court. Tried before Judge SAYRE, March Term, 1849.

George W. Dye filed his petition in the Superior Court of El-

Dye *vs.* Wall.

bert County, setting forth, that "heretofore, to wit : on the 24th day of May, 1842, your petitioner, at the special instance and request of said Wiley Wall, bargained with the said Wiley to buy of him a certain negro boy slave named Ben, at and for the price or sum of $330, and the said Wiley, by then and there falsely and fraudulently warranting the said negro boy to be sound, then and there, on the day and year aforesaid, sold said boy, Ben, to your petitioner." This count alleged the boy to be unsound, and a *scienter* on the part of Wall.

A second count in the declaration was similar to the first, so far as the allegations specifying the contract. A third count was similar, except it alleged the warranty to be, that Wall warranted "the boy to be sound as far as he knew."

Upon the trial the plaintiff offered in evidence the following bill of sale to prove the sale :

"Received, of George W. Dye, six hundred and eighty dollars, in full payment for two negroes, to wit : Nancy, a girl, about twelve years of age, Ben, a boy, about eleven years of age. The said negroes I warrant to be sound so far as I know. The right, title and claim to said negroes I do bind myself, my heirs, &c. to defend to the said George W. Dye, his heirs, &c. forever, against the claim or claims of all and every person or persons whatsoever.

"In witness I have hereunto set my hand and seal, this 24th May, 1842.

his<br>
" WILEY &#9187; WALL.<br>
mark.

" Test :        Bud. C. Wall.
           Nathaniel Gray."

To this evidence defendant's counsel objected, because the written contract is not set forth in either of the counts of the declaration.

The Court below sustained the objection and ruled out the testimony, and this decision is alleged to be erroneous.

McMillan, represented by W. C. Dawson, for plaintiff in error.

T. R. R. Cobb, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

The declaration in this case contains a count upon the contract of warranty, contained in the bill of sale, to the admissibility of which in evidence exception was taken, and the plaintiff was put upon his election, whether he would rely upon that count or upon the counts for the fraud and deceit in the sale. He elected to rely upon the latter, to support which the bill of sale was offered in evidence. It contains a qualified warranty of soundness. The ground of objection to it as evidence is, that it is not set forth in either of the counts of the declaration. Is this necessary? Were it offered under the count on the contract, it is clear that it would not be admissible unless correctly set forth. Whether a plaintiff can, in the same action, in different counts proceed for the fraud and on the contract of warranty, is a question not made by this record, and upon which we express no opinion. As this case is made before us, the question is the same as it would be if there were no count upon the contract. The question then is this—in an action for fraud and deceit in the sale of a slave, is the written evidence of the sale, which contains a warranty, admissible when it is not described in the declaration?

[1.] I apprehend there is no doubt but that a party may, where there is an express warranty, waive his right to go thereon and proceed upon the fraud. Fraud vitiates all contracts, and is, of itself, a substantive ground of action. The party may treat the contract as a nullity and go in an action on the case for damages. *Barney vs. Dewey,* 13 *Johns. Rep.* 226. *Upton vs. Vail,* 6 *Johns. R.* 182. *Wallace vs. Jarman,* 2 *Starkie,* 162. *Spafford vs. Griffin,* 13 *Johns. R.* 328. *Frost vs. Raymond,* 2 *Caines' R.* 193. *Bostwick vs. Lewis,* 1 *Day,* 250. *Comyn's Dig. Action on the case for Deceit,* (*a.* 8.) 13 *Johns. R.* 396. 6 *Cow.* 346. 7 *Wend.* 9. *Hancock vs. Ship,* 1 *J. J. Marshall,* 447.

[2.] Nor is it necessary in an action on the case for deceit, to set forth the contract. If it were, it is conceded that not being done, the written evidence would not be admissible. This point was ruled in *Barney vs. Dewey,* (13 *Johns. R.* 226.) *Spencer,* J. said, " It was not requisite to set forth the contract between the parties, or any consideration; it is enough to state the fraud and deceit and the damages."

In this action it is necessary to prove the sale of the slave. The bill of sale is the highest evidence of that fact, and although not set forth in the declaration, was admissible for that purpose.

Let the judgment be reversed.