[*Special Term, January,* 1872.]

## CHARLOTTE CUSHMAN *v.* GARRISON AND DAVIS.

A. sells a perpetual leasehold interest in certain property to B., who executed to A. his notes and mortgage for part of the purchase money.

B. sells the said leasehold interest to C., and conveys the same by a deed-poll, which C. accepts. Said deed-poll recites the facts, that the

aforesaid purchase money notes had been given to A., and were un-
paid, and that C. had assumed the payment of them as part of the
consideration money in the purchase of the premises from B.

*Held*, that an action of assumpsit, by A. against C., for the amount of the
unpaid notes, will lie.

IN May, 1856, Charlotte Cushman and another, it is al-
leged in the petition, were the owners of a perpetual lease-
hold interest in the Spencer House, and then sold the same
to Elisha Seymour, who executed to plaintiff his notes for
part of the purchase money, and a mortgage on the prem-
ises to secure the same. Shortly afterward Seymour sold
to the defendants the same premises, and conveyed to them
by deed-poll, in the usual form, which they accepted. In
this deed it is recited that the notes aforesaid had been
given to Miss Cushman and were unpaid; and then occurs
this agreement: "Which said notes and said mortgage the
said Garrison & Davis have assumed to pay as part of the
consideration money of the purchase of the premises afore-
said, by the said Garrison & Davis from the said Seymour."

It is also alleged, that the defendants took possession and
have since occupied the said premises, and have paid all the
notes mentioned, except two notes of $3,333.33 each and
one for $100, all made by Seymour as aforesaid, and which,
by the clauses and terms of the deed and their acceptance
thereof and agreement of purchase, they assumed and
promised Seymour they would pay the plaintiff, and there-
fore she asks payment.

To this petition the defendants demur: 1. That plaintiff
had no right to bring this action; and 2. That the petition
does not contain facts sufficient to constitute a cause of
action.

*A. Brower*, for plaintiff.

*J. F. Baldwin*, for defendants.

HAGANS, J. The action seems to be founded on the con-
tract of which the recital in the deed is evidence; and the

damages will be measured by the balance of purchase money due which the plaintiff asks to recover.

It is said, in 1 Chitty on Pleading, 4–6, "If a deed-poll," which this deed is, "not being *inter partes*, contain a covenant with A. to pay B. a sum of money, it may be doubtful whether B. could sue in his own name," for the reason that the contract is under seal. "If, however, the covenant in a deed-poll be *generally* 'to pay B.,' . . . . there appears to be no difficulty in his maintaining an action in his own name, although he did not execute the deed, and was, in all other respects, a stranger to it."

It is true, Miss Cushman is not named in the clause of the deed stating the assumption to pay the notes and mortgage, but it is stated that they were made to her, by name, so that it is substantially a covenant to pay to her; and under our code all difficulty on the ground of plaintiff's right to maintain the action, growing out of the terms of the instrument, would seem to be at an end. The covenant is for her benefit. *Fellows* v. *Gilman,* 4 Wend. 414. It is said this is a promise to pay the debt of another, not signed by the party to be charged therewith, as the deed is not signed by the defendants or either of them. But this objection can hardly stand, and the promise is not such as is contemplated by the statute. This idea seems to have grown out of some confusion as to whom the promise is made. If one make a promise to another, for the benefit of a third person, it is a perfectly good promise, even if not in writing, when founded on a good consideration, and the third person may maintain an action on it. *Crumbaugh, etc.* v. *Kugler,* 3 Ohio St. 544; *Thompson* v. *Thompson,* 4 Ohio St. 333; *Bagaley & Co.* v. *Waters,* 7 Ohio St. 359. This seems to be the settled law in Ohio.

But it is said the plaintiff has given nothing for a personal claim against the defendants, and that all she bargained for was the right to a personal judgment against Seymour, by whose contract with the defendants she can take nothing. It is urged that Seymour and defendants

might cancel the contract, inasmuch as plaintiff is no party to it, and there is no intention expressed to benefit the plaintiff. These objections proceed on the ground that there is no privity of contract between the parties. It is said, finally, there is no case in Ohio of such a promise in a contract under seal.

To take the last objection first, it will perhaps be enough to state that the contract made by defendants, whatever may be its scope and effect, is not under seal; and if it were, it might be doubted whether, under the code, that would make any difference. Certainly, the mere fact that a promise, not under the seal of the party making it, is in a sealed instrument, does not constitute any objection to the plaintiff's right to sue. Besides, the promise is parol, and the instrument is merely evidence of the promise *dehors* the written contract, as before stated.

The other objections made seem to have some foundation in a case decided in the Supreme Court of Massachusetts. *Mellen* v. *Whipple*, 1 Gray, 317; and see *Millard* v. *Baldwin*, 3 Gray, 484; *Field* v. *Crawford, et al.*, 6 Gray, 116. The first of these cases was where Rollins made his note for $500, payable to Ellis & May or order, and mortgaged to the payees a certain lot, and then sold and conveyed the equity of redemption to the defendant by deed, in which it was stated that "the granted premises were subject to a mortgage for $500, which mortgage, with the note for which it was given, the said Whipple is to assume and cancel." The deed was accepted by Whipple, the note indorsed, and the mortgage assigned to plaintiff's intestate, and Whipple paid some interest, and refusing to pay any more, was sued. The court held, that on this promise no action could be maintained by the plaintiff's intestate, on the ground that the matter was exclusively between the parties to the deed; that the sale of the equity of redemption did not lessen the plaintiff's security; and that, as nothing had been put into the defendants' hands to meet Rollins' debt, there was no consideration to support the promise. It is not necessary to criticise this case, though

Cushman *v.* Garrison & Davis.

it is doubted as good law in *Lawrence* v. *Fox*, 20 N. Y. 268. The case at bar differs from it very materially. Here, Miss Cushman is the mortgagee, and there was something put into the defendants' hands by Seymour with which to satisfy Seymour's obligations, and the promise is part of the consideration money of the purchase. The amount to be paid Seymour was by just so much the less; and this case therefore stands on the principle of the earlier cases in Massachusetts, and which are cited with approval in 1 Gray, 317. *Arnold* v. *Layman*, 17 Mass. 400; *Fitch* v. *Chandler*, 4 Cush. 255; *Hall* v. *Marston*, 17 Mass. 575.

In *Brewer* v. *Dyer*, 7 Cush. 337, the court says that the obligation, in such a case, "does not rest upon the ground of any actual or supposed relationship between the parties, but upon the broader and more satisfactory basis, that the law, operating on the acts of the parties, creates the duty, establishes a privity, and implies the promise on which the action is founded." *How* v. *How*, 1 N. H. 49; 15 Me. 285; and 12 Met. 167, were cited on the argument, but they were actions on promises under seal, and have no bearing on this case.

In 4 Ohio St. 333, Judge Thurman said that if the purchaser of an incumbered estate take it, subject to the incumbrance, and an abatement is made in the price on that account, he is bound to indemnify his grantor against the incumbrance, whether he expressly promise to do so or not. And on page 353, if the promise be made, "it was on a sufficient consideration, and an action of assumpsit could have been maintained by the Trust Company," the holder of the mortgage debt. "There could be no doubt that Thompson," the last owner of the equity of redemption, "was a debtor for the money."

This is an action of assumpsit, and the defendants are debtors for the money. What may be the equities of the defendants I do not now decide. They may be set up in the answer.

Demurrer overruled.